IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION



| | |
|---|---|
| MARIE POLISENO,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE SECURITIES (USA), LLC, and<br><br>CREDIT SUISSE SECURITIES (EUROPE), LTD,<br><br>Defendants. | Case No. CV-12-108-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On February 8, 2013, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends that Credit Suisse (USA)'s motion to dismiss (*doc. 12*) and Credit Suisse (Europe)'s motion to dismiss (*doc. 15*) be granted, and Plaintiff's claims against both defendants be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the February 8, 2013 Findings and Recommendation.

1

Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

## BACKGROUND

Until July 27, 2011, Plaintiff was employed as a Vice President in Risk Management for Goldman, Sachs & Co. *Doc. 11 at 3, ¶5.* In August 2011, she began "networking with professional acquaintances" in search of work. *Dec. Marie Poliseno (Doc. 20-1) at ¶ 2.* To that end, she contacted Athena Alexander ("Alexander"), an employee of Credit Suisse (USA) in New York. Plaintiff did not have specific jobs in mind and was "obviously willing to travel." *Id.* Alexander did not indicate in that initial call that there might be anything currently available within Credit Suisse. *Id.*

On September, 30, 2011, Alexander called Plaintiff and told her about a potential temporary position in London. Plaintiff states that Alexander told her that "she wanted to hire me to help negotiate and train staff in London in negotiation skills ...." *Doc. 20-1 at ¶ 3.*

According to Plaintiff, Alexander "quoted a daily rate of pay" and said that the company would provide London housing, meal allowances, and trips back to

Montana. *Id. at ¶ 4.* Alexander referred Plaintiff to Shafiq Hussain, a Credit Suisse (Europe) employee, to "expedite the details necessary to get [her] working in London." *Id.* The job was to be performed in London. *Id. at ¶ 3; Dec. Mohammed Shafiq Hussain (Doc.17) at ¶ 6.*

On October 3, 2011, Plaintiff formed her consulting company, MAP Consulting, LLC. Plaintiff states that she did so "in anticipation of the immanent (sic) CS-USA engagement...." *Doc. 20-1 at ¶ 5.*

Over the next six weeks, Plaintiff had numerous telephone and email communications with Amit Kaul, a Credit Suisse (USA) employee, and Hussain regarding the terms and conditions of the London position. *Id. at ¶¶ 6-10; Doc. 11-1 at ¶ 11.* No representative of Credit Suisse (Europe) or Credit Suisse (USA) traveled to Montana. *Doc. 17 at ¶ 4; Doc. 14 at ¶ 12.* Plaintiff does not contend that any employee of either Defendant traveled to Montana. Instead, she contends that, by Defendants' email and telephone communications, "the offending statements were made in electronic space." *Doc. 20 at 15.*

By October 19, 2011, the "basic details" of Plaintiff's compensation were confirmed, but questions regarding her work permits and legal and tax issues remained. *Doc. 20-1 at ¶¶ 8-10.* Then, on November 17, 2011, Alexander sent Plaintiff an email notifying her that "we did not get the approval to move

3

forward...." *Doc. 14-5.* Thereafter, "contact broke off" between the parties. *Doc. 11-1 at ¶ 13.*

Credit Suisse (USA) is a limited liability company organized under the laws of Delaware, with its principal place of business in New York. *Doc. 14 at ¶ 4.* Credit Suisse (USA) does not maintain any offices or employees in Montana. *Id.* Credit Suisse (Europe) is a private limited company with its principal place of business and registered office in London, England. *Dec. Paul E. Hare (Doc. 18) at ¶ 5.* Credit Suisse (Europe) does not have a branch operation in the United States, is not registered with the Montana Secretary of State, does not pay taxes in Montana, and does not have any offices, facilities, or employees based in Montana. *Id. at ¶¶ 5, 7; Dec. Nathan W. Cripps (Doc. 19) at ¶ 5.*

## ANALYSIS

### I. CREDIT SUISSE (EUROPE)'S MOTION TO DISMISS

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Id.* The Court's duty is to inquire into whether the plaintiff's

pleadings and affidavits make a prima facie showing of personal jurisdiction, accepting the plaintiff's allegations as true. *Id.*

Where no applicable federal statute governs personal jurisdiction, the district court must apply the law of the state in which the district court sits. *Schwarzenegger*, 374 F.3d at 800. Here, no federal statute or rule governs personal jurisdiction. Thus, Montana's long-arm statute must be applied. *See Omeluk v. Langsten Slip and Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995). In addition, the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice embodied in the due process clause. *Id.* If the requirements of the long-arm statute are not met, the Court need not address the due process issue. *See generally* WILLIAM W. SCHWARZER, A. WALLACE TASHIMA AND JAMES M. WAGSTAFFE, *Federal Civil Procedure Before Trial*, 3:25.2 (2004) (citing *Kendall*, 700 F.2d at 538).

Montana's long-arm statute is found at Rule 4(B)(1), M.R.Civ.P., which provides:

> All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>
> (a) the transaction of any business within this state;

5

(b) the commission of any act which results in accrual within this state of a tort action;

(c) the ownership, use or possession of any property, or of any interest therein, situated within this state;

(d) contracting to insure any person, property or risk located within this state at the time of contracting;

(e) entering into a contract for services to be rendered or for materials to be furnished in this state by such person; or

(f) acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within this state, or as personal representative of any estate within this state.

Rule 4(B)(1) embodies principles of both general and specific jurisdiction. General jurisdiction may lie if a person is "found within Montana." *Cimmaron Corporation v. Smith*, 67 P.3d 258, 260 (Mont. 2003). The Montana Supreme Court has stated:

> A party is "found within" the state if he or she is physically present in the state or if his or her contacts with the state are so pervasive that he or she may be deemed to be physically present there. A nonresident defendant that maintains "substantial" or "continuous and systematic" contacts with the forum state is found within the state and may be subject to that state's jurisdiction even if the cause of action is unrelated to the defendant's activities within the forum.

*Bi-Lo Foods, Inc. v. Alpine Bank*, 955 P.2d 154, 157 (Mont. 1998); *see also Threlkeld v. Colorado*, 16 P.3d 359, 361 (Mont. 2000).

Credit Suisse (Europe) does not pay taxes in Montana; is not registered with the Montana Secretary of State; has no telephone listings in Montana; does not have any offices, facilities, or employees based in Montana; and has not directed any advertising or marketing efforts to or at Montana. The Montana Supreme Court in *Bedrejo v. Triple E Canada, Ltd.* noted that these types of facts "are significant in determining whether general jurisdiction exists," and further stated that such lack of contacts indicates that general jurisdiction does not exist. 984 P.2d 739, 742 (Mont. 1999) (citing *Bi-Lo Foods*, 955 P.2d 154, ¶ 19, and *Simmons Oil Corp.*, 796 P.2d 189)).

Credit Suisse (Europe) is not "physically present" in Montana for purposes of general jurisdiction and it cannot be concluded that Credit Suisse (Europe) "transacted business" with Plaintiff in Montana sufficient to satisfy Rule 4(B)(1)(a)'s requirement. Credit Suisse (Europe)'s negotiations with Plaintiff for an employment contract to be performed exclusively in London is not enough, particularly in light of the fact that Plaintiff initiated the first contact leading to the negotiations, and that no Credit Suisse (Europe) representative entered Montana. *Cimmaron*, 67 P.3d at 261; *Edsall*, 804 P.2d at 1042. Credit Suisse (Europe)'s use of telephones and email correspondence in communicating with Plaintiff from New York or London to Montana is alone not sufficient to confer specific personal jurisdiction. *Cimmaron*, 67 P.3d at 261.

The Court concludes that Credit Suisse (Europe) did not "transact business" in Montana, and is therefore not subject to specific jurisdiction. Because the Court has determined that personal jurisdiction over Credit Suisse (Europe) does not lie, either as a result of it being found in Montana, or under the other provisions of Montana's long-arm statute, the Court need not address the issue of due process. *Cimmaron*, 67 P.3d at 260; *Threlkeld*, 16 P.3d at 366; *Bi-Lo Foods*, 955 P.2d at 156; *Bird*, 892 P.2d at 934.

## II.   CREDIT SUISSE (USA)'S MOTION TO DISMISS

Credit Suisse (USA) argues that Montana is not the proper venue. Rule 12(b)(3) permits a defendant, before answering, to challenge a complaint for improper venue. If the plaintiff's chosen forum is an improper venue, the Court may dismiss the action or transfer the case to a district where venue would be proper. 28 U.S.C. § 1406. Whether to dismiss for improper venue or to transfer a case to a proper court is within the district court's sound discretion. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992); *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir.1976).

The plaintiff has the burden of showing that venue is proper in this district. *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Also, the plaintiff must establish venue as to each claim

8

and each defendant. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996). When a court considers such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

> For venue purposes, a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . .; or
>
> (3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A corporation is "deemed to reside...in any judicial district in which [the corporation] is subject to the court's personal jurisdiction..." 28 U.S.C. § 1391(c)(2).

Here, venue in Montana cannot be premised on section 1391(b)(1) because not all of the defendants reside here. Credit Suisse (Europe) is not subject to this Court's personal jurisdiction, and therefore does not reside in Montana.

9

Nor can venue be premised on section 1391(b)(2). The Restatement considers a promissory estoppel claim as equivalent to one for breach of contract. *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 903, 28 Cal. Rptr. 3d 894, 906 (2005) (citing Restatement (Second) of Contracts § 90, cmt. d.); see also 28 Am. Jur. 2d Estoppel and Waiver § 34 (2012); *Bd. of County Com'rs of Summit County v. DeLozier*, 917 P.2d 714, 716 (Colo. 1996). The Ninth Circuit has stated that "the spirit of § 1391(a) [now § 1391(b)(2)] is better served...if venue for a claim based on breach of contract be the place of intended performance...." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).

Plaintiff has not demonstrated how a "substantial part" of the events giving rise to this claim occurred in Montana. Because the place of intended performance of the promise here was to take place in Europe, and not Montana, the Court cannot conclude that a "substantial part" of the events occurred in Montana.

Finally, as to 1391(b)(3), the Court concludes that venue does not lie in this district because this Court does not have personal jurisdiction over either Defendant. First, the Court lacks personal jurisdiction over Credit Suisse (Europe). Second, considering the arguments presented and applicable legal authorities, the Court concludes that it also lacks personal jurisdiction over Credit Suisse (USA).

The facts demonstrate that Credit Suisse (USA) does not maintain any offices or employees in Montana, and all of the communications regarding this contract for services to be performed in Europe took place in "electronic space." For the reasons this Court lacks personal jurisdiction over Credit Suisse (Europe), the Court concludes that it also lacks personal jurisdiction over Credit Suisse (USA). Venue therefore cannot be premised on section 1391(b)(3).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Credit Suisse (USA)'s Motion to Dismiss (*Doc. 12*) and Credit Suisse (Europe)'s Motion to Dismiss (*Doc. 15*) is **GRANTED,** and Plaintiff's claims against both Defendants are **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the 24th day of April, 2013.

RICHARD F. CEBULL
SENIOR U.S. DISTRICT JUDGE